IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA WADE, | ) | |
| | ) | |
| Plaintiff, | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| v. | ) | |
| | ) | |
| INSURANCE AUTO AUCTION | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES Plaintiff, Felicia Wade ("Plaintiff"), by and through her attorneys, Jaz Park and Richard J. Gonzalez, of The Law Offices of Chicago-Kent College of Law, and for her Complaint against Defendant, Insurance Auto Auction (IAA) ("Defendant"), states as follows:

## Nature of Action, Jurisdiction, and Venue

1. This is an action alleging unlawful age, and race discrimination, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e) *et. seq*.

2. Jurisdiction of this Court is invoked pursuant to the provisions of 42 U.S.C. § 2000(e)-5, 28 U.S.C. § 1331, and 29 U.S.C. §626(c).

3. Venue is proper in the Northern District of Illinois by virtue of 28 U.S.C. § 1391(b) and (c) because Plaintiff and Defendant reside in this district and all events giving rise to Plaintiff's claims occurred within this district.

4. Plaintiff met all administrative prerequisites to this action because she timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff is eligible to file the complaint 90 days following the date of the issuance of

1

the Right to Sue on 9/25/2019, and files this complaint within the statute of limitations of Title VII. Exhibit A.

## Parties

5. At all relevant times, Plaintiff was and is a resident of Cook, County, Illinois. Plaintiff was employed by Defendant as a Title Specialist and was an "employee" within the meaning of 42 U.S.C. § 2000(e) *et seq*.

5. Defendant was and is at all relevant times a corporation engaged in the business under the entity name "Insurance Auto Auction" (IAA) at Two Westbrook Corporate Center, Westchester, IL 60154. At all relevant times, Defendant was and is engaged in interstate commerce and is an "employer" within the meaning of 42 U.S.C. § 2000(e) (b).

## Facts Common to All Counts

6. Plaintiff is a woman, and she is African American, older than 40 years old and a member of a protected category.

7. On or about 2008, Plaintiff was offered employment with Defendant as a Title Specialist at its office located in Chicago, Illinois.

8. Plaintiff was one of the older employees in the office, and at times, there were few if no other African American Title Specialists.

9. On different occasions, Defendant's agents, including Wesley Streblo, Branch Manager at the Chicago office, as well as Vince Donahue, Area Manager, communicated Plaintiff's eligibility for promotional opportunities.

10. Mr. Streblo was aware that she was interested in pursuing such opportunities, including the office supervisor role at the Chicago office.

11. Plaintiff was asked to step into an interim Transportation Supervisor role at another location from June 2017 until January 2018.

12. During her employment with Defendant, Plaintiff received many positive performance reviews, and her performance exceeded the expectations for all key aspects set for the position.

13. Ms. Brenda O'Connell was hired into the Defendant's new Chicago Office Supervisor role.

14. After returning to the Chicago location, in July 2018, Plaintiff learned that there was a discrepancy in the calculation of her merit increase, and brought this up with Ms. O'Connell, only to be dismissed by her. As a result, Plaintiff addressed her merit increase concerns with Human Resources.

15. In August 2018, Plaintiff was subjected to disciplinary notices for violations of cellphone policies by Ms. O'Connell. Ms. O'Connell is a non-African American employee and is younger than 40 years old.

16. From July 2018 to the date Plaintiff was terminated, Defendant treated Plaintiff differently and less favorably than similarly situated employees who were younger than 40 years old, and/or non-African American with respect to such terms and conditions of employment as disciplinary standards, proper office procedure, and authorization of work purchases. Plaintiff was subjected to harsh discipline for nominal mistakes in which employees, who were younger than 40 years old, and/or non-African American, were not subjected to.

17. In August 2018, Plaintiff complained to Regional Human Resources Manager Diana Djebali and Area Manager Vince Donahue, about being "singled out" in write ups she received on August 17, 2018. Plaintiff also detailed violations committed by other employees,

including her supervisors Ms. O'Connell and Mr. Streblo Violations included taking frequent unauthorized visits to Sam's Club during work hours.

18. Both Ms. Djebali and Mr. Donahue conducted an on-site investigation and were able to confirm violations committed by other employees. Other employees, including Ms. OConnell and Mr. Streblo were not subjected to commensurate discipline.

19. In September 2018, the Plaintiff received a disciplinary notice for the handling of money orders which was outside the scope of her normal duties as a Title Specialist.

20. On or around September 23, 2018, Plaintiff was terminated for an earlier incident involving another employee Tara Trudeau. Said employee made unfounded allegations that she had been assaulted by Plaintiff. During a meeting prior to termination, HR Manager Ms. Djebali reviewed the security video footage with Plaintiff, and the video revealed no such offense by Plaintiff. Despite Plaintiff's denial of the complaint, HR proceeded with the termination of Plaintiff.

21. Defendant's adverse actions, the disciplines issued and termination, followed closely on the heels of my complaints filed. Such a brief time period, or temporal proximity, is sufficient to raise an inference of retaliatory motivation.

## COUNT I:
## Age Discrimination for Disciplinary Notices and Termination - ADEA

22. Plaintiff repeats and re-alleges paragraphs 1-21 and incorporates same by reference as though fully set out herein.

23. Defendant's stated reason for Plaintiff's termination was false and constituted a pretext for age discrimination.

24. In terminating Plaintiff's employment Defendant treated Plaintiff differently and less favorably than it treated similarly-situated younger employees who were not terminated.

25. Defendant was under a duty to conduct and implement its personnel decisions in a nondiscriminatory manner without regard to age.

26. The foregoing conduct constituted unlawful age discrimination in violation of 29 U.S.C. § 621 et seq.

27. The foregoing facts constituted a "willful" violation of 29 U.S.C. § 621 in that Defendant, through its agents, either knew or showed reckless disregard for the matter of whether its conduct was prohibited by 29 U.S.C. § 21 et seq.

28. As a proximate result of the foregoing facts, Plaintiff suffered the loss of her job, lost wages, the value of lost benefits, and incidental damages.

WHEREFORE, Plaintiff prays for relief in the form of an order:

A. Reinstating her into her prior or comparable position;

B. Ordering DEFENDANT to cease and desist from discriminating against its employees on the basis of age;

C. Awarding Plaintiff lost wages, incidental expenses, and value of her lost benefits as liquidated damages;

D. Award Plaintiff reasonable attorney fees and costs; and

E. Such other relief as this Court deems just and proper.

### COUNT II:
### Unlawful Race Discrimination for Disciplinary Notices and Termination - TITLE VII

29. Plaintiff repeats and re-alleges paragraphs 1-28 of and incorporates the same by reference as though fully set out herein.

30. The foregoing conduct, including but not limited to, treating Plaintiff differently and less favorably than similarly situated employees who were non-African American and/or younger than 40 years old with respect to such terms and conditions of employment as with

5

respect to such terms and conditions of employment as disciplinary standards, proper office procedure, and authorization of work purchases; subjecting Plaintiff to harsh discipline for nominal mistakes in which employees, who were younger than 40 years old and/or non-African American, were not subjected to; and terminating Plaintiff, constitutes unlawful race discrimination in violation of 42 U.S.C. § 2000(e-2) against Plaintiff.

31. The foregoing conduct, race discrimination against Plaintiff, including the promotion and retention of less qualified non-African American employees, and agents of Defendant knowingly participated in conduct in violation of 42 U.S.C. § 2000(e-2).

32. Defendant's stated reason for Plaintiff's termination was false and constituted a pretext for race discrimination.

33. The aforementioned acts and conduct by Defendant, its agents and employees were performed intentionally with malice and/or were taken with reckless indifference to Plaintiff's federally protected rights.

34. As a result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, and emotional distress in the form of anxiety, embarrassment, humiliation, loss of status, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for relief in the form of an order:

A. Reinstating her to her prior or a comparable position;

B. Awarding her all lost wage, value of lost benefits, and front pay;

C. Awarding her compensatory and punitive damages in an appropriate sum; and

D. Awarding her reasonable attorney fees and the costs of this action.

### COUNT III:
### Unlawful Retaliation in Violation of TITLE VII and ADEA

35. Plaintiff repeats and re-alleges paragraphs 1-34 of and incorporates the same by reference as though fully set out herein.

36. Plaintiff was subjected to adverse actions in retaliation for her complaints, including being subjected to different and less favorable treatment than similarly situated employees who were non-African American with respect to such terms and conditions of employment as disciplinary standards, proper office procedure, and authorization of work purchases. Plaintiff was subjected to harsh discipline for nominal mistakes, as well as termination, that similarly situated non-African American employees. Said conduct constitutes unlawful race discrimination in violation of 42 U.S.C. § 2000 against Plaintiff.

37. Defendant's adverse actions, the disciplines issued and termination, followed closely on the heels of my complaints filed. Such a brief time period, or temporal proximity, is sufficient to raise an inference of retaliatory motivation.

38. Defendant's stated reason for Plaintiff's termination was false and constituted a pretext for retaliation.

39. The aforementioned acts and conduct by Defendant, its agents and employees were performed intentionally with malice and/or were taken with reckless indifference to Plaintiff's federally protected rights.

40. As a result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, and emotional distress in the form of anxiety, embarrassment, humiliation, loss of status, and loss of enjoyment of life.

WHEREFORE, Plaintiff seeks entry of an Order:

A. Reinstating her to her prior or a comparable position;

B. Awarding her all lost wage, value of lost benefits, and front pay;

C. Awarding her compensatory and punitive damages in an appropriate sum; and

D. Awarding her reasonable attorney fees and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: December 20, 2019.

Respectfully submitted,

By: ___/s/Jaz Park_____
Jaz Park

*Attorney for Plaintiff*

JAZ PARK
Law Offices of Chicago-Kent College Of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel: (872) 588-0440
Jaz.park@kentlaw.edu
ARDC 6302708

RICHARD J. GONZALEZ
Law Offices of Chicago-Kent College Of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299
ARDC 24155